**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ALBERT C. BURGESS, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-CV-1332-SMY** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Albert C. Burgess, Jr. filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The case is now before the Court for preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) permits the Court to apply the Rules to other habeas corpus cases.

### Background

In 2009, a jury found Burgess guilty of possessing materials involving exploitation of minors and knowingly receiving visual depictions of minors involving sexually explicit content, in violation of 18 U.S.C. § 2252(a). *United States v. Burgess,* No. 09-cr-17-GCM (W.D.N.C. Nov. 18, 2009, Doc. 87). In 2010, the United States District Court for the Western District of North Carolina sentenced Burgess to 292 months of imprisonment. *Id.* (Doc. 185). While incarcerated, Burgess has frequently and unsuccessfully challenged his conviction under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. See, *United States v. Burgess*, 687 F.App'x 260 (4th Cir. 2017) (affirming

denial of 2255 petition); *Burgess v. United States*, 371 F.App'x 449 (4th Cir. 2010) (affirming denial of a 2241 petition).

In the instant Petition, Burgess argues that (1) he was improperly sentenced based on having "thousands of photographs and hundreds of Videos" despite the evidence at trial demonstrating that he had only three DVDs and three photographs; (2) "two unconstitutionally obtained convictions" enhanced his punishment; and (3) the denial of his Compassionate Release motion was improper (Doc. 1).

**Discussion**

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence to bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. See, *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2241 to challenge his conviction and sentence. More specifically, § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of [his] detention." *Id.*

"A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in [his] conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A petitioner must satisfy three conditions to trigger the savings clause on this basis: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is

grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Burgess' first argument fails; the case he relies on, *State v. Clinkscales*, 318 S.C. 513 (1995), affirmed the denial of a new trial and is not a statutory interpretation case. His second argument, that prior convictions were improperly used to enhance his sentence, in violation of *United States v. Booker,* 543 U.S. 220 (2005), and *Alleyne v. United States,* 133 S. Ct. 2151 (2013), fails as well – neither *Booker* nor *Alleyne* are new statutory cases that apply retroactively. Burgess was sentenced in 2010 after the United States Supreme Court decided *United States v. Booker,* 543 U.S. 220 (2005), making the United States Sentencing Guidelines advisory. An error in calculating a sentence under the advisory sentencing guidelines is not a "miscarriage of justice." *See Hawkins v. United States,* 706 F.3d 820 (7th Cir. 2013). *Alleyne* is a constitutional case, not a statutory interpretation case. *Simpson v. U.S.,* 721 F.3d 875, 876 (7th Cir. 2013) (noting that "*Alleyne* establishes a new rule of constitutional law"). *Alleyne* also does not apply retroactively. *Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015). Thus, Burgess fails to raise any new statutory cases in support of his first two arguments and cannot invoke the "savings clause."

With respect to Burgess' third argument, the Western District of North Carolina has denied his compassionate release motion. *United States v. Burgess,* No. 09-cr-17-GCM (W.D.N.C. Jun. 28, 2021, Doc. 403). The United States Court of Appeals for the Fourth Circuit affirmed this denial. *United States v. Burgess*, No. 21-7111, 2021 WL 5445806, at *1 (4th Cir. Nov. 22, 2021). This Court has no authority to review this denial; only sentencing courts have jurisdiction to consider such motions. *See* 18 U.S.C. § 3582(c).

**Disposition**

For the foregoing reasons, Petitioner Albert C. Burgess, Jr.'s 28 U.S.C. § 2241 Petition is **DISMISSED** with prejudice. All pending motions are **DENIED AS MOOT**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within the appropriate time period for his case, as provided in Federal Rule of Appellate Procedure 4(a).

A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he may be required to pre-pay a portion of the $505.00 appellate filing fee, commensurate with his ability to pay. *Walker v. O'Brien,* 216 F.3d 626, 638 n.5 (7th Cir. 2000); FED. R. APP. P. 3(e). An appellant who is granted IFP status still incurs the obligation to pay the entire appellate filing fee. *Thomas v. Zatecky,* 712 F.3d 1004, 1004-05 (7th Cir. 2013); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment; this deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: August 9, 2022**

**STACI M. YANDLE**
**United States District Judge**